IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil No. 1:18-cv-01262 |
| TODD ELLIOTT HITT, KIDDAR, et. al., | )<br>) |
| Defendants. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| v. | ) Criminal No. 1:19-cr-43 |
| TODD ELLIOTT HITT, | )<br>) |
| Defendant. | )<br>) |

## RECEIVER'S SECOND QUARTERLY STATUS REPORT

Bruce H. Matson, the court-appointed Receiver in the above-captioned civil matter, and the court-appointed Special Master in the above-captioned criminal matter ("**Receiver**"), by counsel, and pursuant to this Court's October 15, 2018 Order, submits the following report (this "**Second Quarterly Report**") to the Court.

### Procedural and Factual Background

1. On October 5, 2018, the Securities and Exchange Commission ("**SEC**") commenced this case by filing a complaint (the "**Complaint**") against certain Receivership Defendants, among others, for violations of federal securities laws. The Complaint requested

certain relief, including an injunction against the dissipation of assets, an accounting of assets and liabilities, and a civil penalty.

2. By Order dated October 12, 2018, the Court appointed the Receiver (the "**Receivership Order**") and directed him to, among other things, assume control of and take possession of all funds and other assets of the Receivership Defendants.

3. On October 4, 2018, the United States commenced the criminal case by filing a Complaint against Todd Elliott Hitt ("**Hitt**").

4. By Order dated February 13, 2019, the Court appointed the Receiver as Special Master in the criminal case ("**Special Master Order**"). The Special Master Order provides that the Receiver's general powers and duties under the Receivership Order are extended to include Hitt's personal property and that the Receiver file recommendations with the Court with respect to restitution to victims in the criminal case.

5. On November 14, 2018, the Receiver filed an Initial Report detailing his activities to date, investigation of assets, and his formulation of a claims process. On January 31, 2019, the Receiver filed a Quarterly Status Report. Those reports are incorporated herein.

6. Pursuant to paragraphs 23 and 24 of the Receivership Order, the Receiver is directed to file this Quarterly Report reflecting, among other things, the existence, value, and location of all Receivership Property, and the extent of liabilities. The Receiver files this Report and the attached Exhibits in compliance with that direction:

**(a)** **Summary of the Operations of the Receiver.**

7. Since the last Quarterly Report dated January 31, 2019, the Receiver and his professionals have undertaken the following additional activities:

(i) continue investigating (including through the March 14 deposition of Hitt), secure, and take possession of additional assets of the estates, including certain personal property of Hitt, value and liquidate such property;

(ii) continue marketing each of the real property parcels for sale; addressing tax, mechanic's lien, contractor, and vendor interests in each such property; assessing secured deeds of trust against property and coordinating with counsel for such lenders; valuing each property; soliciting bids, negotiating contracts, scheduling and noticing sale closings; and filing and obtaining this Court's approval for such sales;

(iii) negotiate and obtain Court approval of a settlement among various parties related to property owned by Kiddar Herndon Station, LLC ("**KHS**"), which settlement reduced the claims in the estates by tens of millions of dollars, and avoided potential spillover claims that may be filed against the receivership estates;

(iv) continue negotiating a settlement with the Hitt Family which, when approved, will result in a payment to the estates of substantial funds for use in making restitution to victims and payments to creditors;

(v) begin negotiations with parties related to the Broad & Washington and Stratford Motor Lodge commercial properties in the same manner and with same objectives as the KHS Settlement;

(vi) following the January 28, 2019 bar date, commence analysis of the nearly 130 creditor claims filed (in a total amount exceeding $85 million), reconcile duplicate claims, communicate with claimants, and prepare objections to claims, and formulate a plan of distribution to creditors and restitution to victims; and

(vii) coordinating with the SEC, United States Attorney's office, FBI, and U. S. Probation Office, with respect to the overlap between the criminal and civil proceedings.

**(b) The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate.**

8. Attached hereto as <u>Exhibit 2.3</u> is a listing of the total cash on hand in the amount of $5,410,150 and accrued administrative expenses of $290,965 as of March 31, 2019.

**(c) A schedule of all the Receiver's receipts and disbursements.**

9. Attached hereto as <u>Exhibit 2.0</u> is a listing of all such transactions which total $9,462,664 in receipts and $4,052,514 in disbursements as of March 31, 2019.

**(d) A description of all known Receivership Property including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended.**

10. While the Receiver's investigation is ongoing, the attached <u>Exhibits 3.0 and 3.1</u> list each of the real property assets controlled by the Receivership and their value. In addition, the Receiver continues to investigate the value, if any, of several investments in technology start-up companies. Finally, the Receiver is investigating, valuing, and liquidating assets of Hitt, and assets which may be administered by the Receiver in a fashion similar to the resolution reached with KHS. The Receiver intends to dispose of all Receivership property.

**(e) A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims.**

11. The Receiver's investigation is substantially complete but ongoing. At this time, the Receiver holds claims against third-parties in an amount to be determined but not less than $10 million. The Receiver is engaged in negotiations with the Hitt Family in resolution of such

4

claims, including a cash payment and potentially turnover of certain personal property. (See Exhibit 4.0).

**(f)   A list of all known creditors with their addresses and the amounts of their claims.**

12.   Attached as Exhibit 5.0 is a list of the claims filed against the Receivership as of the January 28, 2019 Bar Date. It should be noted that approximately $35 million of such claims are asserted against KHS, which claims have been resolved by virtue of the agreed resolution among the Receiver, the Hitt Family, and the KHS investors. Furthermore, the Receiver understands $8.1 million of secured claims have been eliminated in connection with the sales of real property, with an additional $0.6 million expected to be eliminated with the sale of remaining real property.

**(g)   The status of Creditor Claims Proceedings, after such proceedings have been commenced.**

13.   The Receiver's analysis of the claims is well underway and he anticipates the adjudication process will last for several months.

**(h)   The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.**

14.   The Receiver recommends the Receivership continue for an additional period of 6 months to allow the Receiver to continue to administer and liquidate the assets currently in process, review and adjudicate the claims, consummate the Hitt family settlement, complete his investigation into other potential assets and claims, and distribute funds to creditors and victims.

Dated: May 1, 2019				BRUCE H. MATSON, RECEIVER


				_____/s/_____
				W. Michael Holm (Virginia Bar No. 21035)
				Christopher L. Perkins (Virginia Bar No. 41783)
				LeClairRyan PLLC
				2318 Mill Road, Suite 1100
				Alexandria, Virginia 22314
				Telephone: (703) 647-5927
				Facsimile: (703) 647-5967
				michael.holm@leclairryan.com
				christopher.perkins@leclairryan.com

				*Counsel for the Receiver*

# CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of May, 2019, a true and correct copy of the foregoing Report was filed with the Court through the Clerk's CM/ECF filing system and served on all persons receiving electronic notice in this case, and/or by first-class mail, postage prepaid, to all parties listed below:

Nicholas C. Margida
Charles J. Felker
Patrick R. Costello
U.S. Securities & Exchange Commission
100 F Street NE
Washington, D.C. 20549
    *Counsel for the SEC*

David H. Dickieson
Danny Onorato
Hilary LoCicero
Schertler & Onorato LLP
1101 Pennsylvania Avenue NW
Washington, D.C. 20004
    *Counsel for the Defendants and the*
    *Receivership Defendants*

Michael J. Lichtenstein
Shulman Rogers
12505 Park Potomac Avenue
Potomac, MD 20854
    *Counsel for Eagle Bank*

F. Douglas Ross
Odin, Feldman & Pittleman, P.C.
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
    *Counsel for Freedom Bank*

Jeff J. Marwil
Proskauer Rose LLP
70 West Madison, Suite 3800
Chicago, IL 60602
    *Counsel for Matthew Bullock*

Barry Boss
Cozen O'Connor
1200 19th Street NW
Washington, DC 20036
    *Counsel for Brett Hitt, Hitt Family*
    *and Hitt Construction*

James M. Sack
The Sack Law Firm, P.C.
8270 Greensboro Drive, Suite 810
McLean, VA 22102
    *Counsel for Herndon Station, LLC*
    *and various investors/creditors*

Robert M. Marino
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
    *Counsel for ATC Financial LLC and*
    *Brian Casey*

Jack Garson
Garson Law LLC
7910 Woodmont Avenue, Suite 650
Bethesda, MD 20814
    *Counsel for Glen Ferguson*

David G. Barger
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, VA 22102
    *Counsel for VR Investments*

John S. West  
Troutman Sanders LLP  
1001 Haxall Point, 15th Floor  
Richmond, VA 23219  
    *Counsel for Woodfield Investments*

      /s/
_____
W. Michael Holm (Virginia Bar No. 21035)  
Christopher L. Perkins (Virginia Bar No. 41783)  
LeClairRyan PLLC  
2318 Mill Road, Suite 1100  
Alexandria, Virginia 22314  
Telephone: (703) 647-5927  
Facsimile: (703) 647-5967  
michael.holm@leclairryan.com  
christopher.perkins@leclairryan.com  

*Counsel for the Receiver*