IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | 1:19-cr-43 (LMB) |
| TODD ELLIOTT HITT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER[1]

Defendant Todd Elliott Hitt ("defendant" or "Hitt"), has filed an Emergency Motion and Supporting Memorandum for Compassionate Release to Home Confinement ("Motion") [Dkt. No. 95]. Defendant is currently serving a 78-month sentence imposed on June 21, 2019, after pleading guilty to securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5. [Dkt. Nos. 24, 64]. In his Motion, defendant asks to be released to serve the rest of his sentence on home confinement due to the risk he faces from the COVID-19 pandemic at the facility where he is incarcerated, FCI Cumberland. Finding that oral argument would not assist the decisional process, defendant's Motion will be decided on the papers submitted. For the reasons that follow, this Motion will be denied. Defendant has also filed a Motion to Have the Court Take Judicial Notice of Escalating COVID-19 Infections at FCI Cumberland ("Motion for Judicial Notice") [Dkt. No. 112] in which he asks the Court to take judicial notice of the number of inmates and staff members reported to have COVID-19 on the Federal Bureau of Prison

---

[1] The public version of this Order contains redactions of defendant's health information, which was filed under seal.

("BOP")'s website. Having established good cause, defendant's Motion for Judicial Notice will be granted.

To obtain relief under § 3582(c), a defendant must have first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or 30 days must have passed from the warden's receipt of such an appeal. On May 18, 2020, defense counsel sought compassionate release on behalf of defendant from the FCI Cumberland warden. [Dkt. No. 95-23]. The warden denied that request on June 9, 2020. [Dkt. No. 95-24]. Accordingly, defendant has properly exhausted his administrative remedies.

In addition to meeting all administrative exhaustion requirements, an inmate seeking to modify a sentence under § 3582(c)(1)(A)(i) must also show "extraordinary and compelling reasons to warrant [ ] a reduction" of the sentence. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Feiling, No. 3:19-cr-112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020); see also United States v. White, No. 2:07-cr-150, 2020 WL 1906845, at *1 n.2 (E.D. Va. Apr. 17, 2020). When considering whether modification is appropriate, the Court also must consider any applicable 18 U.S.C. § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A).

As of June 10, 2021, FCI Cumberland has zero COVID-19 cases among prisoners and one case among prison staff. See https://www.bop.gov/coronavirus/index.jsp. Three-hundred and forty-three prisoners and fifty-two staff have recovered from COVID-19, but there have been no reported deaths. Id. Due to the low incidence of COVID-19 at his facility, defendant has not established a particularized risk of contracting COVID-19 at his facility. Defendant is 56 years

old and alleges that he is ▓▓[2] and suffers from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. [Dkt. No. 95] at 2–3, 9. The CDC has advised that "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ can make you more likely to get severely ill from COVID-19." CDC, People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021). Although defendant's health conditions may put him at greater risk of severe illness from COVID-19,[3] defendant's release to home confinement is not warranted given the low incidence of COVID-19 at his facility and consideration of the § 3553(a) factors.

Under the § 3553(a) factors, the Court must consider the need for defendant's sentence to reflect the seriousness of the offense for which he was convicted, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from criminal conduct by the defendant. The defendant committed an extremely serious crime which hurt many people. Over the course of nearly four years, the defendant operated a Ponzi scheme

---

[2] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

[3] The government disputes whether defendant continues to suffer from certain ▓▓▓▓ conditions, as recent BOP records suggest that defendant's ▓▓▓▓▓▓▓▓▓▓ were normal and that he did not raise any complaints suggestive of those conditions. Additionally, the government argues that defendant's improvement under the BOP's care shows that the BOP can adequately address defendant's health issues. Defendant argues that he reported ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in August 2020. The Court need not rely on the government's arguments about defendant's improving health, as his low risk of contracting COVID-19 at his facility and an analysis of the § 3553(a) factors do not support defendant's release.

3

that resulted in the loss of approximately $20 million and affected almost 40 victims. The defendant solicited approximately $30 million from investors while falsifying purchase documents, forging sellers' signatures, creating a fake email account, and grossly misrepresenting the amount of money managed by his company. [Dkt. No. 26]. Additionally, the defendant has only served about 22 months of his 78-month sentence, which represents approximately 28% of his sentence. Releasing the defendant to serve the rest of his sentence on home confinement would not reflect the seriousness of the offense, provide just punishment, and deter others from engaging in similar criminal conduct. Accordingly, it is hereby

ORDERED that defendant's Motion for Judicial Notice [Dkt. No. 112] be and is GRANTED, and his Motion [Dkt. No. 95] be and is DENIED

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this /6 day of June, 2021.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge